1  Brent H. Blakely (SBN 157292)
   bblakely@blakelylawgroup.com
2  Cindy Chan (SBN 247495)
   cchan@blakelylawgroup.com
3  BLAKELY LAW GROUP
   1334 Parkview Avenue, Suite 280
4  Manhattan Beach, California 90266
   Telephone: (310) 546-7400
5  Facsimile: (310) 546-7401

6  *Attorneys for Plaintiff REBEL8, Inc.*

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| REBEL8, INC., a California Corporation, | CASE NO. |
| Plaintiff, | **PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF** |
| v. | |
| SEARS, ROEBUCK AND CO., a New York Corporation; SEARS BRANDS, LLC, an Illinois Limited Liability Company; KMART HOLDING CORPORATION, a Delaware Corporation; and DOES 1-10, inclusive, | 1. **FEDERAL TRADEMARK INFRINGEMENT;** |
| | 2. **FALSE DESIGNATIONS OF ORIGIN & FALSE DESCRIPTIONS;** |
| Defendants. | 3. **COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION;** |
| | 4. **UNFAIR COMPETITION CALIFORNIA UNFAIR BUSINESS PRACTICES ACT, CAL. BUS. & PROF. CODE, § 17200, ET. SEQ.** |
| | **JURY TRIAL DEMANDED** |

   **Plaintiff Rebel8, Inc.** for its claims against **Defendants Sears Roebuck and Co.**, **Sears Brands LLC,** and **Kmart Holdings Corporation** (collectively "Defendants") respectfully alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff files this action against Defendants for trademark infringement under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act") and related claims of trademark infringement and unfair competition under the statutory and common law of the state of California. This Court has subject matter jurisdiction over the Federal trademark infringement and trademark dilution claims under 28 U.S.C. §§1121(a), 1331, 1338(a) and 1367.

2. This Court has personal jurisdiction over Defendants because Defendants do business within this judicial district.

3. This action arises out of wrongful acts by Defendants within this judicial district and Plaintiff is located and has been injured in this judicial district by Defendants' alleged wrongful acts. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the claims asserted arise in this district.

## THE PARTIES

4. Plaintiff Rebel8, Inc. ("REBEL8") is a corporation organized and existing under the laws of the state of California with an office and principal place of business at 1729 Wall Street, Los Angeles, California 90015.

5. Upon information and belief Sears, Roebuck, and Co. ("Sears Roebuck") is a corporation duly organized and existing under the laws of the State of New York with an office and principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois, 60179.

6. Upon information and belief Sears Brands LLC ("Sears Brands") is a limited liability company duly organized and existing under the laws of the State of Illinois with an office and principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois, 60179.

7. Upon information and belief Kmart Holding Corporation ("Kmart") is a corporation duly organized and existing under the laws of the State of Delaware with

an office and principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois, 60179.

8. Upon information and belief, Defendants Sears Roebuck, Sears Brands, and Kmart (collectively "SEARS") are wholly-owned subsidiaries of Sears Holdings Corporation.

9. REBEL8 is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. REBEL8 will seek leave to amend this complaint when their true names and capacities are ascertained. REBEL8 is informed and believes and based thereon alleges that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

10. REBEL8 is informed and believes, and based thereon alleges, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. REBEL8 further alleges that Defendants and DOES 1 through 10, inclusive, have a non-delegable duty to prevent or not further such acts and the behavior described herein, which duty Defendants and DOES 1 though 10, inclusive, failed and/or refused to perform.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

**A. The REBEL8 Brand and its Trademarks**

11. Founded in 2003 by renowned graffiti and tattoo artists Joshy D. and Mike Giant, REBEL8 is an apparel company deeply rooted in graffiti, skateboard, and tattoo culture. REBEL8 is well recognized throughout the world as an authentic brand that incorporates original artistic work within its pieces. Many graphics within the

1  REBEL8 product line are hand illustrated, with no computer generated enhancements
2  or manipulations.
3       12.     REBEL8's products include clothing such as t-shirts, sweatshirts, jackets,
4  pants, shorts, and hats, as well as other products, including, but not limited to, posters,
5  tattoos, stickers, accessories, and skateboards.
6       13.     REBEL8 distributes its products through various channels, including
7  authorized distributors and through more than 1,000 retail stores worldwide, including
8  throughout California and the United States, as well as through its e-commerce website
9  at rebel8.com. Although REBEL8 distributes its REBEL8 products through these
10 various channels, it is highly selective in choosing its physical and online retail
11 partners to protect the integrity of its brand and intellectual property.
12      14.     REBEL8 clothing, accessories and other products have become
13 enormously popular, driven by REBEL8's arduous quality standards and innovative
14 designs. The branding of REBEL8, which includes millions of stickers featuring
15 REBEL8's various trademarks, has resulted in enormous popularity through various
16 marketing channels including social media (e.g., approximately 284,000 likes on
17 Facebook, 149,000 followers on Instagram, and 51,400 followers on Twitter).
18      15.     Further, REBEL8 and its founders have been featured in many business,
19 fashion, and retail print media outlets.  Notable online fashion magazines including
20 Refinery 29, Hypebeast, and Racked have all mentioned REBEL8 among the trends to
21 sport and the sales to hit.
22      16.     REBEL8 incorporates a variety of distinctive marks on its products and in
23 the marketing, promotion, and advertising thereof. REBEL8 is the owner of
24 trademarks "REBEL8" (U.S. Reg. Nos. 3,103,850; 4,588,806; and 4,622,594) and
25 "REBEL EIGHT" (U.S. Reg. Nos. 3,696,980 and 4,588,807) for various goods
26 including t-shirts, belts, hats, jeans, bottoms, sweatshirts, socks, and tank tops
27 (collectively "REBEL8 Marks").
28

17. REBEL8's products typically include at least one of the REBEL8 Marks. Often several of the REBEL8 Marks are displayed on a single product.

18. Among the purchasing public, products featuring the REBEL8 Marks are instantly recognizable as that originating from REBEL8.

19. Registrations for the REBEL8 Marks, some of which are incontestable pursuant to 15 U.S.C. § 1065, are valid, subsisting, and in full force and effect.

20. The REBEL8 Marks have been used exclusively and continuously by REBEL8, some since at least as early as 2006, and have never been abandoned.

21. The REBEL8 Marks are exclusive to REBEL8, and are displayed extensively on REBEL8 products and in REBEL8's marketing and promotional materials.

22. REBEL8 has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting and protecting the REBEL8 Marks. As a result, products bearing the REBEL8 Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products with innovative designs sourced from REBEL8. REBEL8 Products are among the most popular of their kind around the world. Because of REBEL8's advertising and promotional efforts and its continuous use of the REBEL8 Marks for many years, REBEL8 has attained a high level of recognition among clothing brands in the United States.

23. The REBEL8 Marks are distinctive when applied to the REBEL8 products signifying to the purchaser that the products come from REBEL8 and are manufactured to REBEL8's quality standards.

**B.     SEARS's Infringement of the REBEL8 Marks**

24. Upon information and belief, SEARS is engaged in the retail sale of a wide range of home merchandise, apparel and automotive products and services. SEARS's retail stores, "SEARS" and "KMART," are located nationwide, including

within this judicial district.  SEARS's products can also be purchased online at www.sears.com and/or www.kmart.com.

25. The present lawsuit arises from SEARS's manufacture, distribution, advertisement, marketing, offering for sale, and/or sale of apparel that infringe upon the REBEL8 Marks ("Infringing Products").  Such Infringing Products have been advertised, offered for sale, and sold on SEARS's websites – www.sears.com and www.kmart.com – and shipped to this judicial district.

26. REBEL8 has not granted a license or any other form of permission to SEARS with respect to the REBEL8 Marks.

27. REBEL8 is informed and believes and hereon alleges that SEARS had knowledge of REBEL8's rights to the REBEL8 Marks and intentionally utilized said marks on its own brand of products in an effort to pass them off as if they originated, are associated with, are affiliated with, are sponsored by, are authorized by, and/or are approved by REBEL8.

28. REBEL8 is informed and believes and hereon alleges that SEARS is a competitor and has utilized the REBEL8 Marks in an effort to exploit REBEL8's reputation in the market.

29. REBEL8 is informed and believes and hereon alleges that SEARS has acted in bad faith and that SEARS's deceptive acts have misled and confused and were intended to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of SEARS's Infringing Products with REBEL8, or as to the origin, sponsorship, or approval of SEARS's Infringing Products by REBEL8.

## FIRST CLAIM FOR RELIEF

**(Federal Trademark Infringement – 15 U.S.C. § 1114)**

30. REBEL8 incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

31. The REBEL8 Marks are nationally recognized, including within the Central District of California, as being affixed to goods and merchandise of the highest quality and coming from REBEL8.

32. The registrations embodying the REBEL8 Marks are in full force and effect and REBEL8 has authorized responsible manufacturers and vendors to sell merchandise with these marks.

33. SEARS's unauthorized use of the REBEL8 Marks in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with REBEL8 or come from the same source as REBEL8's goods and are of the same quality as that assured by the REBEL8 Marks.

34. SEARS's use of the REBEL8 Marks is without REBEL8's permission or authority and in total disregard of REBEL8's rights to control its trademarks.

35. SEARS's infringing activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that REBEL8 has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with SEARS's commercial and business activities, all to the detriment of REBEL8.

36. Upon information and belief, SEARS's acts are deliberate and intended to confuse the public as to the source of SEARS's goods or services and to injure REBEL8 and reap the benefit of REBEL8's goodwill associated with the REBEL8 Marks.

37. As a direct and proximate result of SEARS's willful and unlawful conduct, REBEL8 has been injured and will continue to suffer injury to its business and reputation unless SEARS is restrained by this Court from infringing REBEL8's REBEL8 Marks.

38. REBEL8 has no adequate remedy at law.

39. In light of the foregoing, REBEL8 is entitled to injunctive relief prohibiting SEARS from using the REBEL8 Marks, or any marks confusingly similar

thereto, for any purpose, and to recover from SEARS all damages, including attorneys' fees, that REBEL8 has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by SEARS as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## SECOND CLAIM FOR RELIEF

### (False Designations of Origin & False Descriptions – 15 U.S.C. § 1125(a))

40. REBEL8 incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

41. SEARS's unauthorized use of the REBEL8 Marks on its merchandise in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with REBEL8 or come from the same source as REBEL8's goods when in fact they do not.

42. SEARS's use of the REBEL8 Marks is without REBEL8's permission or authority and in total disregard of REBEL8's rights to control its trademarks.

43. SEARS's activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that REBEL8 has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with SEARS's commercial and business activities, all to the detriment of REBEL8.

44. REBEL8 has no adequate remedy at law.

45. In light of the foregoing, REBEL8 is entitled to injunctive relief prohibiting SEARS from using the REBEL8 Marks, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that REBEL8 has sustained and will sustain, and all gains, profits and advantages obtained by SEARS as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## THIRD CLAIM FOR RELIEF

### (Common Law Trademark Infringement and Unfair Competition)

46. REBEL8 incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

47. REBEL8 owns and enjoys common law trademark rights to the REBEL8 Marks in California and throughout the United States.

48. SEARS's unlawful acts in appropriating rights in REBEL8's common law trademarks were intended to capitalize on REBEL8's goodwill for SEARS's own pecuniary gain. REBEL8 has expended substantial time, resources and effort to obtain an excellent reputation for itself and its family of trademarks and logos. As a result of REBEL8's efforts, SEARS is now unjustly enriched and are benefiting from property rights that rightfully belong to REBEL8.

49. SEARS's unauthorized use of the REBEL8 Marks have caused and is likely to cause confusion as to the source of SEARS's clothing, all to the detriment of REBEL8.

50. SEARS's acts are willful, deliberate, and intended to confuse the public and to injure REBEL8.

51. SEARS's acts constitute unfair competition under California common law.

52. REBEL8 has been irreparably harmed and will continue to be irreparably harmed as a result of SEARS's unlawful acts unless SEARS is permanently enjoined from their unlawful conduct.

53. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on REBEL8 in reckless disregard of REBEL8's rights. Said conduct was despicable and harmful to REBEL8 and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the SEARS and to deter them from similar such conduct in the future.

54. REBEL8 has no adequate remedy at law.

55. In light of the foregoing, REBEL8 is entitled to injunctive relief prohibiting SEARS from using any of REBEL8's registered marks, including the REBEL8 Marks, and to recover all damages, including attorneys' fees, that REBEL8 has sustained and will sustain and all gains, profits and advantages obtained by SEARS as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## FOURTH CLAIM FOR RELIEF

**(Unfair Competition - Cal. Bus. & Prof. Code, § 17200, Et. Seq.)**

56. REBEL8 incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

57. SEARS's unlawful acts in appropriating rights in the REBEL8 Marks is likely to confuse or mislead consumers into believing that SEARS's goods are authorized, licensed, affiliated, sponsored, and/or approved by REBEL8 and constitutes a violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, et. seq.

58. The deceptive, unfair and fraudulent practices set forth herein have been undertaken with knowledge by SEARS willfully with the intention of causing harm to REBEL8 and for the calculated purpose of misappropriating REBEL8's goodwill and business reputation.

59. SEARS's use of the REBEL8 Marks has deprived REBEL8 of the right to control the use of its intellectual property.

60. As a direct and proximate result of SEARS's unlawful infringement, REBEL8 has suffered damages and will continue to suffer damages in an amount that is not presently ascertainable but will be proven at trial. REBEL8 is entitled to all available relief provided for in California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, et. seq. including permanent injunctive relief.

61. SEARS committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively, with intent to injure REBEL8 in its

business and with conscious disregard for REBEL8's rights, thereby justifying awards of punitive and exemplary damages in amounts sufficient to punish and to set an example for others.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff REBEL8, Inc. respectfully prays for judgment against Defendants Sears Roebuck and Co., Sears Brands LLC, and Kmart Holdings Corporation, as follows:

1. A Judgment that Defendants have infringed the REBEL8 Marks and that said infringement was willful;

2. An order granting temporary, preliminary and permanent injunctive relief restraining and enjoining Defendants, their agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, are hereby temporarily, preliminarily, and permanently enjoined from using the REBEL8 Marks, or any marks confusingly similar thereto, including, but not limited to:

    a. manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling the Infringing Products or any other products which bear the REBEL8 Marks, and/or any marks confusingly similar thereto;

    b. engaging in any other activity constituting unfair competition with REBEL8, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of marks used or owned by or associated with REBEL8; and

    c. committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with REBEL8;

3. Ordering Defendants to recall from any distributors and retailers and to deliver to REBEL8 for destruction or other disposition all remaining inventory of all Infringing Products and related items, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

4. Ordering Defendants to file with this Court and serve on REBEL8 within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

5. Ordering an accounting by Defendants of all gains, profits and advantages derived from their wrongful acts;

6. Awarding REBEL8 all of Defendants' profits and all damages sustained by REBEL8 as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate;

7. Awarding treble damages in the amount of SEARS's profits or REBEL8's damages, whichever is greater, for willful infringement;

8. Finding that this is an exceptional case under 15 U.S.C. § 1117 and awarding attorneys' fees there under;

9. Awarding applicable interest, costs, disbursements and attorneys' fees;

10. Awarding REBEL8's punitive damages in connection with its claims under California law; and

11. Such other relief as may be just and proper.

Dated: November 16, 2015            BLAKELY LAW GROUP

                                    By: _____
                                    Brent H. Blakely
                                    Cindy Chan
                                    *Attorneys for Plaintiff REBEL8, Inc.*

PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff REBEL8, Inc. hereby demands a trial by jury as to all claims in this litigation.

Dated:  November 16, 2015          BLAKELY LAW GROUP

By:  _____
　　　Brent H. Blakely
　　　Cindy Chan
　　　*Attorneys for Plaintiff REBEL8, Inc.*