Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, CA 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiff REBEL8, Inc.*

**NOTE CHANGES MADE BY COURT**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBEL8, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SEARS, ROEBUCK AND CO., a New York Corporation; SEARS BRANDS, LLC, an Illinois Limited Liability Company; KMART HOLDING CORPORATION, a Delaware Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 2:15-CV-08895-DSF-SS<br><br>[~~PROPOSED~~] **PROTECTIVE ORDER**<br><br>[DISCOVERY MATTER]<br><br>**Hon. Suzanne H. Segal** |

WHEREAS, certain documents and information have been and may be sought, produced, or exhibited by and between the parties in the above-captioned actions that relate to the parties' financial, competitive, personnel, or other kinds of commercially sensitive information that the party making the production deems confidential; and

WHEREAS, it has been agreed by and among Plaintiff Rebel8, Inc. and Defendants Sears, Roebuck and Co., Sears Brands LLC and Kmart Holding Corporation through their respective counsel, that a stipulated protective order ("Protective Order") preserving the confidentiality of certain documents and information should be entered by the Court; and

WHEREAS, the Court has reviewed the terms and conditions of this Protective Order submitted by the parties;

IT IS HEREBY ORDERED THAT this Protective Order shall govern all Confidential Material disclosed by a Producing Party to any Discovering Party. This Protective Order is binding on the Parties, including their respective corporate parents, subsidiaries, and affiliates, and their respective attorneys, agents, representatives, officers, employees, and others as set forth in this Protective Order, effective as of the date all parties execute this stipulation.

## DEFINITIONS

1. As used in this Protective Order:

    a. "Confidential Material" means Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under Paragraphs 2 and 3 below.

    b. "Designating Party" means any Person who designates Material as Confidential Material.

    c. "Discovering Counsel" means counsel of record for a Discovering Party.

    d. "Discovering Party" means the Party to whom Material is being Provided by a Producing Party.

    e. "Material" means any document, testimony, exhibit, declaration, affidavit, or information in any form or medium whatsoever, including, without limitation, any written or printed matter, Provided in these actions by a Party before or after the date of this Protective Order.

    f. "Party" means a party to these actions, their attorneys of record, and their agents.

    g. "Person" means any individual, corporation, partnership, unincorporated association, governmental agency, or other business or governmental entity whether a Party or not.

h. "Producing Party" means any Person who Provides Material during the course of these actions.

i. "Provide" means to produce any Material, whether voluntarily or involuntarily, whether pursuant to request or process.

## CONFIDENTIAL DESIGNATION

2. A Producing Party may designate as "CONFIDENTIAL" any Material that contains or discloses any of the following:

a. Non-public insider, personnel, financial, trade secret, commercial, proprietary, or other confidential or sensitive information which the Producing Party determines in good faith should be kept confidential; and

b. Information that the Party is under a duty to preserve as confidential under an agreement with or other obligation to another Person.

3. A Producing Party may designate as "ATTORNEYS' EYES ONLY" any Material that contains or discloses information that it in good faith believes to be extremely commercially sensitive or would provide a competitive advantage to competitors or compromise or jeopardize the Producing Party's business interests if disclosed.

4. A Producing Party may designate Confidential Material by either of the following methods:

a. By physically marking the Material with the designation "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" prior to Providing it to a Party. For purposes of this method of designation, the marking will be placed clearly on each page of the document Provided. For deposition and hearing transcripts, the marking will be placed on the cover page of the transcript.

b. By identifying with specificity in writing to the Discovering Party any previously Provided Material that was not designated as Confidential Material prior to its having been Provided. For purposes of this method of designation, it will be a sufficiently specific identification to refer to the Bates numbers or deposition page

numbers of previously Provided Material. Where a Producing Party designates previously Provided Material as Confidential Material pursuant to this subparagraph, the Producing Party will follow the procedures set forth in the previous subparagraph for designating Confidential Material and Provide to the Discovering Party additional copies of the previously Provided Material marked with the designation "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Upon receiving such additional copies, the Discovering Party will destroy all the previously Provided Material. For previously Provided Material that was not designated as Confidential Material at the time it was Provided, this Protective Order shall apply beginning on the date that the Producing Party makes such a designation.

5. Confidential Material may only be filed under seal or in camera in accordance with Civil Local Rule 79-5, ~~the Pilot Project for the Electronic Submission and Filing of Under Seal Documents,~~ and the Orders of this Court.

### RESTRICTION ON USE OF CONFIDENTIAL MATERIAL

6. Material designated as CONFIDENTIAL and ATTORNEYS' EYES ONLY shall not be disclosed, nor shall their contents be disclosed, to any Person not listed, respectively, in Paragraphs 8 and 9 below, and other than in accordance with the terms, conditions, and restrictions of this Protective Order.

7. Confidential Material shall not be used by the Discovering Party, including by the individuals identified in Paragraphs 8 and 9 below, for any purpose other than the prosecution or defense of these actions, including for any personal, business, governmental, commercial, publicity, public-relations, or litigation (administrative or judicial) purpose.

8. Subject to the terms, conditions, and restrictions of this Protective Order, Discovering Counsel may disclose Material and contents of Material designated as CONFIDENTIAL only to the following individuals:

   a. Outside counsel and counsel of record working on these actions on behalf of any Party, and counsel's employees who are actively assisting in these

actions, including counsel's partners, associates, paralegals, assistants, secretaries, and clerical staff;

   b. In-house counsel and such in-house counsel's employees who are actively assisting in these actions, including counsel's paralegals, assistants, secretaries, and clerical staff;

   c. Court and deposition reporters and their staff;

   d. The Court, any Person employed by the Court, and mediators retained by the Parties whose duties require access to Material designated as CONFIDENTIAL;

   e. Witnesses at depositions or pre-trial proceedings, in accordance with procedures set forth in Paragraphs 14-16;

   f. Experts and consultants assisting counsel with respect to these actions and their secretarial, technical, and clerical employees who are actively assisting in the preparation of these actions, in accordance with the procedures set forth in Paragraphs 14-16;

   g. Officers, directors, and employees of the Parties hereto who have a need to review Material designated as CONFIDENTIAL to assist in connection with this litigation, subject to the limitations set forth herein;

   h. Photocopy service personnel who photocopy or assist in the photocopying or delivering of documents in this litigation;

   i. Any Person identified on the face of any such Material designated as CONFIDENTIAL as an author or recipient thereof;

   j. Any Person who is determined to have been an author and/or previous recipient of the Material designated as CONFIDENTIAL, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Material designated as CONFIDENTIAL by such Person; and

   k. Any Person who the Parties agree in writing may receive Material designated as CONFIDENTIAL.

9. Subject to the terms, conditions, and restrictions of this Protective Order, Discovering Counsel may disclose Material and contents of Material designated as ATTORNEYS' EYES ONLY only to the following individuals:

    a. Outside counsel and counsel of record working on these actions on behalf of any Party, and counsel's employees who are actively assisting in these actions, including counsel's partners, associates, paralegals, assistants, secretaries, and clerical staff;

    b. Court and deposition reporters and their staff;

    c. The Court, any Person employed by the Court, and mediators approved by the Parties whose duties require access to Material designated as ATTORNEYS' EYES ONLY;

    d. Witnesses at depositions or pre-trial proceedings, in accordance with procedures set forth in Paragraphs 14-16;

    e. Experts and consultants assisting counsel with respect to these actions and their secretarial, technical, and clerical employees who are actively assisting in the preparation of these actions, in accordance with the procedures set forth in Paragraphs 14-16;

    f. Photocopy service personnel who photocopy or assist in the photocopying or delivering of documents in this litigation;

    g. Any Person identified on the face of any such Material designated as ATTORNEYS' EYES ONLY as an author or recipient thereof;

    h. Any Person who is determined to have been an author and/or previous recipient of the Material designated as ATTORNEYS' EYES ONLY, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Material designated as ATTORNEYS' EYES ONLY by such Person; and

    i. Any Person who the Parties agree in writing may receive Material designated as ATTORNEYS' EYES ONLY.

10. Nothing in this Protective Order shall restrict any Party's counsel from rendering advice to its clients with respect to these actions and, in the course of doing so, relying upon Confidential Material, provided that in rendering such advice, counsel shall not disclose any other Party's Confidential Material, except as provided in this Protective Order.

### UNDERTAKING TO BE BOUND BY PROTECTIVE ORDER

11. Before Discovering Counsel may disclose Confidential Material to any Person described in subparagraphs 8(f), 8(g), and 9(f), the Person to whom disclosure is to be made shall read this Protective Order and agree to be bound by its terms, conditions, and restrictions by signing an undertaking in the form attached hereto as **Exhibit A** (the "Undertaking"). Discovering Counsel shall keep a copy of the signed Undertaking for each person described in subparagraphs 8(f), 8(g), and 9(f) to whom Discovering Counsel discloses Confidential Material.

12. The designated individuals in subparagraphs 9(a) shall retain all ATTORNEYS' EYES ONLY material in a secure manner under separate and confidential file, so as to avoid inadvertent access by, or disclosure to, unauthorized persons.

### SUBPOENAED THIRD PARTIES

13. Subpoenaed third parties who so elect may avail themselves of the protections of this Protective Order and thereby become Producing Parties for purposes of this Protective Order if they agree to be bound by its terms and conditions by signing the Undertaking attached as Exhibit A.

### DEPOSITIONS

14. Those portions of depositions at which Material designated as CONFIDENTIAL is used or inquired into may not be conducted in the presence of any Persons other than (a) the deposition witness, (b) his or her counsel of record, and (c) Persons authorized under Paragraph 8 to view or be informed about the contents of such Material. Those portions of depositions at which Material designated as

ATTORNEYS' EYES ONLY is used or inquired into may not be conducted in the presence of any Persons other than (a) the deposition witness, (b) his or her counsel, and (c) Persons authorized under Paragraph 9 to view or be informed about the contents of such Material.

15. Counsel for any deponent or Party may designate testimony or exhibits as Confidential Material by indicating on the record at the deposition that the testimony of the deponent or any exhibits to his or her testimony are to be treated as Confidential Material. Failure of counsel to designate testimony or exhibits at a deposition, however, shall not waive the protected status of the testimony or exhibits. Counsel may designate specific testimony or exhibits as Confidential Material within fifteen (15) calendar days after receiving the transcript of the deposition or fifteen (15) calendar days after the date on which this Protective Order becomes effective, whichever occurs later. Until the designation is made during the fifteen-day period, the testimony and exhibits shall be treated as Confidential Material. If counsel for the deponent or Party fails to designate the transcript or exhibits as Confidential Material within the above-described fifteen-day period, any Party shall be entitled to treat the transcript or exhibits as non-Confidential Material. For purposes of this Paragraph, this Protective Order shall be deemed effective on the date this stipulation is filed with the court.

16. When Material disclosed during a deposition is designated Confidential Material at the time testimony is given, the reporter shall separately transcribe those portions of the testimony so designated, shall mark the face of the transcript as CONFIDENTIAL OR ATTORNEYS' EYES ONLY, and shall maintain that portion of the transcript or exhibits in separate files marked to designate the confidentiality of their contents. The reporter shall not file or lodge with the Court any Confidential Material without obtaining written consent from the Party who designated the Material as Confidential Material. For convenience, if a deposition transcript or exhibit contains repeated references to Confidential Material which cannot conveniently be

1  segregated from non-confidential material, any Party may request that the entire
2  transcript or exhibit be maintained by the reporter as Confidential Material.

### USE OF CONFIDENTIAL MATERIAL IN PLEADINGS AND OTHER COURT PAPERS

5  17. If any Party or non-party seeks to file any Confidential Material under
6  seal or in camera, such materials shall be submitted to the Court in accordance with the
7  procedures set forth in Civil Local Rule 79-5.1, ~~the Pilot Project for the Electronic~~
8  ~~Submission and Filing of Under Seal Documents,~~ and the Orders of this Court. If a
9  Party wishes to file Confidential Material under seal or in camera, the other Party shall
10 not unreasonably withhold agreement to such procedure.

### OBJECTIONS TO DESIGNATION

12 18. Any Party may at any time notify the Designating Party in writing of its
13 contention that specified Material designated as Confidential Material is not properly
14 so designated because such Material does not warrant protection under applicable law.
15 The Designating Party shall within ten (10) calendar days meet and confer in good
16 faith with the Party objecting to the designation in an attempt to resolve the dispute.
17 The objecting Party shall have fourteen (14) calendar days from the initial meet and
18 confer to file a motion to change the designation of the material in question. Any such
19 motion shall be set for hearing on the first available calendar date. After any such
20 motion is filed, the Designating Party must show by a preponderance of the evidence
21 that there is good cause for the confidentiality designation. If no motion is filed within
22 fourteen (14) calendar days (or within any mutually agreed-to extension of time), the
23 Material will maintain its confidentiality designation. Pending resolution of any
24 motion filed pursuant to this Paragraph, all Persons bound by this Protective Order
25 shall continue to treat the Material that is the subject of the motion as Confidential
26 Material.
27 19. Any discovery disputes concerning the designation of materials or
28 disclosure of documents or information under this Protective Order shall be brought in

1 compliance with Civil Local Rule 37, the Pilot Project for the Electronic Submission
2 and Filing of Under Seal Documents, and the Orders of this Court.

### INADVERTENT PRODUCTION

20. Inadvertent production of any document or information without a designation of confidentiality will not be deemed to waive a later claim as to its confidential nature or stop the Producing Party from redesignating the document or information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at a later date. Disclosure of such documents or information by any Party prior to such later redesignation shall not be deemed a violation of the provisions of this Protective Order, provided, however, that the Party that disclosed the Material shall promptly endeavor to procure all copies of such the Material from any persons known to have possession of any such Material who are not entitled to receipt under Paragraph 8 (for Materials that are CONFIDENTIAL) or Paragraph 9 (for Materials that are ATTORNEYS EYES ONLY).

21. The inadvertent production of any privileged materials or other materials exempt from production by any Producing Party shall not be deemed a waiver or impairment of any claim of privilege or exemption (including under the attorney-client privilege or work product doctrine) concerning any such Material or the subject matter thereof. Each such Party reserves the right to redesignate as privileged or exempt any materials that it Provides or has already Provided. Any Party that inadvertently or unintentionally Provided such Material may request destruction of that Material by notifying in writing the recipient, as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure, and, where appropriate, providing replacement Material. The Discovering Party shall then destroy all copies of the inadvertently or unintentionally produced Material and any documents, information, or material derived from or based thereon. Notwithstanding the above, a Party may retain its copies of such Material during the pendency of any motion challenging the request for redesignation or destruction so long as the motion is

made within fifteen (15) calendar days of receipt of written notice from the Party requesting redesignation or destruction.

**RETURN OR DESTRUCTION OF CONFIDENTIAL MATERIAL**

22. Within thirty (30) calendar days after the final settlement or termination of these actions, including any appeals, Discovering Counsel shall return or destroy all Material provided by the Producing Party and all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts, or extracts thereof, except to the extent that any of the foregoing includes or reflects Discovering Counsel's work product, and except to the extent that such Material has been filed with a court in which proceedings related to these actions are being conducted. In addition, with respect to any such retained work product and unless otherwise agreed to, at the conclusion of these actions, counsel for each Party shall store in a secure area all work product which embodies Confidential Material together with all of the signed Undertakings they are required to preserve pursuant to Paragraph 12 above, and shall not make use of such Material except in connection with any action arising directly out of these actions, or pursuant to a court order for good cause shown. The obligation of this Protective Order shall survive the termination of these actions.

**SCOPE OF THIS ORDER**

23. Except for the provisions regarding post-trial or post-settlement return and destruction of Material, or segregation of work product which embodies Confidential Material, this order is strictly a pretrial order; it does not govern the trial in these actions.

24. Not later than seven (7) calendar days before trial in these actions, Counsel agree to meet and confer concerning the use at trial of Confidential Material.

25. Nothing in this Protective Order shall be deemed to limit, prejudice, or waive any right of any Party or Person (a) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for, Material claimed to be

protected work product or privileged under applicable law, Material that the Producing Party claims a legal obligation not to disclose, or Material not required to be provided pursuant to applicable law; (b) to seek to modify or obtain relief from any aspect of this Protective Order; (c) to object to the use, relevance, or admissibility at trial or otherwise of any Material, whether or not designated in whole or in part as Confidential Material governed by this Protective Order; or (d) otherwise to require that discovery be conducted according to applicable laws and rules.

26. Designation of Material as Confidential Material on the face of such Material shall have no effect on the authenticity or admissibility of such Material at trial.

27. This Protective Order shall not preclude any Person from waiving the applicability of this Protective Order with respect to any Confidential Material Provided by that Person or using any Confidential Material Provided by that Person or using any Confidential Material owned by that Person in any manner that Person deems appropriate.

28. This Protective Order shall not affect any contractual, statutory, or other legal obligation or the rights of any Party or Person with respect to Confidential Material designated by that Party.

29. The restrictions set out in the Protective Order shall not apply to any Material which:

    a. At the time it is Provided is available to the public;

    b. After it is Provided, becomes available to the public through no act, or failure to act, of the Discovering Party; or

    c. The Discovering Party can show:

        i. Was already lawfully known to the Discovering Party independently of receipt of the Confidential Material in this or prior litigation; or

ii. Was received by the Discovering Party, after the time it was designated as Confidential Material hereunder, from a third party having the right to make such disclosure.

30. If at any time any Material protected by this Protective Order is subpoenaed from the Discovering Party by any Court, administrative or legislative body, or is requested by any other Person or entity purporting to have authority to require the production of such material, the Party to whom the subpoena or other request is directed shall give written notice thereof to the Producing Party with respect to Confidential Material sought and shall afford the Producing Party reasonable opportunity to pursue formal objections to such disclosures. If the Producing Party does not prevail on its objections to such disclosure, the Discovering Party may produce the Confidential Material without violating this Protective Order.

## SUBMISSION TO COURT

31. The Parties agree to submit this Protective Order to the Court for adoption as an order of the Court. The Parties reserve the right to seek, upon good cause, modification of this Protective Order by the Court.

**IT IS SO ORDERED.**

Date: June 29, 2016

_____
Honorable Suzanne H. Segal
**United States Magistrate Judge**

# EXHIBIT A

## UNDERTAKING TO BE BOUND BY THE PRETRIAL PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order issued by the United States District Court for the Central District of California in *Rebel8, Inc. v. Sears, Roebuck, and Co.*, et al. Case No. 2:15-CV-08895-DSF-SS.

I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could subject me to sanctions and punishment by the Court. I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

Promptly upon termination of these actions, I will return all documents and things designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed or represented.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of these actions.

Date: _____, 2016

City and State where sworn and signed: _____

Signed: _____   _____
         [Print Name]               [Signature]